M. K. GRAHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVE-
NUE, RESPONDENT.

MRS. M. K. GRAHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 33695, 33696.   Promulgated May 11, 1931.

*C. R. McAtee, Esq.,* for the petitioner.
*Frank B. Schlosser, Esq.,* for the respondent.

OPINION.

TRAMMELL: These proceedings are for the redetermination of
deficiencies in income tax for 1922 of $5,061.81 against M. K. Gra-
ham and $4,046.69 against Mrs. M. K. Graham. The only matter
in controversy is the correctness of the respondent's action in deter-
mining the amounts of the deductions allowable on a community
property basis to the petitioners on account of depletion.

Graham is the owner of royalty interests in certain Texas oil
lands, part of which will be referred to as the Graham Farm and
the other part as the English Lease. Discoveries of oil were made
on part of the Graham Farm in 1920, on other parts in 1921, and on
another part in 1922. A discovery was made on the English Lease
in 1922. In October, 1921, the petitioners submitted to the respond-
ent a Form O for the purpose of establishing depletion allowances
based on discovery value on those areas of the Graham Farm in
which discoveries had been made up to that time. This Form O
was based on production up to September 15, 1921, and all other
available information, and showed Graham's interest in the oil re-
serves as 311,735 barrels and as having a value of $664,530. On the
basis of the information contained in this Form O the respondent
accepted the amount of the oil reserves shown therein and deter-
mined their value as $370,684.75. He computed the depletion allow-
ances to which the petitioners were entitled for the years 1920, 1921,
and 1923 accordingly and determined deficiencies in tax which were
paid by the petitioners.

In 1926, while the respondent had their tax liability for 1922 un-
der consideration, the petitioners filed a supplemental Form O which
they claimed corrected errors in the original Form O. The supple-
mental Form O covered all the discovery areas of the Graham Farm,
including the areas covered in the original Form O as wall as the
1922 discovery area. With respect to the 1920 and 1921 discovery

areas the supplemental Form O, in addition to being based on production prior to the filing of the original Form O, was based on the alleged actual production of these areas subsequent to the period covered by the original Form O on alleged proper prices of oil and on alleged proper hazard rates. In the supplemental Form O Graham's interest in the oil reserve in the 1920 and 1921 discovery areas is shown as 300,579 barrels and as having a value of $563,895. His interest in the 1922 discovery area is shown as 14,538 barrels and as having a value of $22,159. At some undisclosed date the petitioners filed a supplemented Form O on the English Lease, in which Graham's interest in the oil reserve in that area was shown as 8,128 barrels and as having a value of $10,961.

While the record is not clear as to the amount of the deductions for depletion taken by the petitioners in their returns for 1922, the supplemental Forms O, which they contend correctly represent the depletion allowances to which they are entitled, show depletion of $129,927.68 as having been sustained with respect to the areas on the Graham Farm and $1,726.04 with respect to the English Lease.

In determining the deficiencies here involved the respondent allowed the petitioners depletion deductions of $85,927.59, of which $84,846.71 represented depletion of Graham's interest in the oil reserve in the Graham Farm and $1,080.88 represented depletion of his interest in the reserve in the English Lease. In determining the depletion allowance with respect to the Graham Farm the respondent accepted the reserve and the valuation of the 1922 discovery area as shown in the supplemental Form O, but refused to reconsider the valuations of the 1920 and 1921 discovery areas, on the ground that such reconsideration was barred to the petitioners under article 207 of Regulations 62.

The respondent has made a determination of the depletion allowances to which the petitioners are entitled for the year 1922. It is presumed to be correct until shown to be erroneous. The petitioners contend that he erred in making the determination. The burden of establishing the contention is upon the petitioners.

Section 214 (a) (10) of the Revenue Act of 1921 provides that in determining the depletion allowance in the case of discovery such allowance shall be based upon the fair market value of the property at the date of discovery or within thirty days thereafter. In our opinion the statute contemplates that the market value shall be determined upon the basis of facts known at the date of discovery or within thirty days thereafter or which might be reasonably anticipated on such date or during such period.

The petitioners are here seeking to have the valuation shown in the supplemental Form O for the 1920 and 1921 discovery areas on the Graham Farm accepted as the basis for determining depletion allow-

ances thereon for 1922. These valuations are based very largely on alleged actual production of the areas during the years intervening between the filing of the original and of the supplemental Forms O. While actual production during the intervening period may be used in checking or corroborating the original valuation, *McAlester-Edwards Coal Co.*, 10 B. T. A. 1368; *Max Beren et al.*, 21 B. T. A. 135, it may not be used as a basis for computing a new valuation to supplant the original based on facts then known or reasonably anticipated. *Sterling Coal Co., Ltd.*, 8 B. T. A. 549; *Philadelphia Quartz Co.*, 13 B. T. A. 1146.

There are also certain differences in the rates of discount and hazard risk and deferment used by the petitioners in their original and supplemental reports and that used by the respondent in determining the value of the 1920 and 1921 discovery areas. The petitioners used higher discount rates in their supplemental Form O than they used in the original, and the respondent has used higher rates than were used in either of the Forms O. As we are unable to determine from the evidence the proper rate to be used, we can not find the rates used by the respondent to be erroneous.

In the original Form O Graham's interest in the oil reserve in the 1920 and 1921 discovery areas is shown as 311,735 barrels, whereas in the supplemental it is shown as 300,579 barrels, or a reduction of 11,156 barrels. Since this revised reserve was computed in part on production subsequent to the taxable year, the respondent is not shown to have erred in refusing to accept it in determining depletion allowances for 1922. *Sterling Coal Co., Ltd., supra; Philadelphia Quartz Co., supra.*

The petitioners not having shown the respondent's determination of the amount of the reserves in the 1920 and 1921 discovery areas or his determination of the value thereof to be erroneous, or that his computation of the depletion allowances based thereon is incorrect, the depletion allowances determined by him are approved.

As only the supplemental Form O on the English Lease was put in evidence, we do not know wherein it differs from the original. The respondent, however, accepted the amount of the oil reserve shown in the supplemental Form O, but increased the discount rate. He determined the value of Graham's interest in this property to be $10,058.40 instead of $10,961 as shown in the supplemental Form O. As the difference between the valuation determined by the respondent and that computed by the petitioners appears to result from the difference in the discount rate used, and as the evidence submitted with respect to this property does not show what would be a proper rate of discount, the respondent's determination as to the value of this property and as to the depletion allowable thereon is approved.

Regardless of article 207, Regulations 62, in a proceeding before the Board the burden is on the petitioner to show that what the Commissioner has done is erroneous. This burden is not met by a showing of the filing with the Commissioner of amended forms. The question before us is what is the correct depletion allowance, and we are not concerned with the filing of forms in the Commissioner's office.

*Judgment will be entered for the respondent.*